UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON, | No. 2:15-cv-2108-MCE-EFB (TEMP) P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff David W. Wilson is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated that he is eligible to proceed in forma pauperis.

A prisoner cannot proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Wilson v. Schwartz*, No. 2:05-cv-1649-

1


GEB-CMK (Oct. 31, 2006 E.D. Cal.) (order dismissing action for failure to state a claim); (2) *Wilson v. Dovey*, No. 2:06-cv-1032-FCD-EFB (Mar. 8, 2007 E.D. Cal.) (order dismissing action for failure to state a claim); and (3) *Wilson v. Dovey*, No. 2:06-cv-2553-JKS-EFB (Mar. 11, 2008 E.D. Cal.) (order dismissing action for failure to state a claim). *See also Wilson v. Hubbard*, No. 2:07-cv-1558-WBS-GGH (Oct. 16, 2009 E.D. Cal.) (order designating plaintiff a three strikes litigant for purposes of section 1915(g)).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

In the complaint, plaintiff asserts a number of unrelated claims and allegations, including: (1) a violation of his equal protection rights based on the intervals between inmates' release from their cells for toilet use and access to institutional programs; (2) an Eighth Amendment conditions of confinement claim based on defendants' failure to implement cooling measures for excessive heat in the summer season; (3) a conditions of confinement claim based on the use of cage showers and the existence of mold in those showers; (4) limitations on yard access activities; (5) "prior appeal equal access, for [California Medical Facility] has not done program evaluations and receives federal funds for School/Yard"; (6) Sgt. Warren improperly denied plaintiff's lunch yard access; (7) a conditions of confinement claim based on the defendants' use of fans in the chow halls during the winter months to rush them out and also based on the chow hall workers' various hygiene violations; and (8) injunctive relief for a medical chrono limiting his exposure to the dayroom, which plaintiff contends is stressful for him. ECF No. 1. His allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

/////

1 | Because plaintiff has not paid the filing fee and is not eligible to proceed *in forma pauperis*, this action must be dismissed.

Accordingly, it is hereby RECOMMENDED that this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 1, 2016.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE