UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON, | No. 2:15-cv-2108 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff David W. Wilson is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Previously, this action was dismissed after it was determined that plaintiff is not entitled to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), and the imminent danger exception does not apply. (ECF Nos. 7, 11.) The Ninth Circuit Court of Appeals reversed the dismissal order on the ground that plaintiff adequately alleged imminent danger of serious physical injury. (ECF No. 15.) Accordingly, plaintiff's pending motion to proceed in forma pauperis will be granted. Plaintiff's complaint is now before the court for screening.

**I.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at California Medical Facility ("CMF") in Vacaville, California. He names as defendants CMF Warden Robert Fox; Lt. E. Corr; Sergeants Carpe, T. Richardson, G. Warden, Thomas, Blueford, and Jenkins; Counselors J. Tennant and Vaden; Assistant Food Manager C. Walker; Supervising Cooks Sam Garcia, McMasters, Lam Dang, and J. Terrell; Cooks Coffey, Pabalao, Fessler, Tate, G. Huntawarden, Bundy, Burgess, Tan, S. Sylvester, J.R. McCllum, and Heinz; Personal Officer T. Martinez-Long; Dietician Tiffany Peralta; Correctional Officer G. Brown; Appeals Examiner D. Artis; Chief of Appeals J.D. Lozano, J.A. Zamora, R.L. Briggs, M. Voong; Psychologist Dr. Valassopous; and Psychiatrist C. Kaw.

Plaintiff's complaint is long, rambling, and difficult to decipher. As best as the court can determine, plaintiff asserts a number of unrelated claims spanning a 16-month period. Some of these claims include (1) a violation of his equal protection rights based on the intervals between inmates' release from their cells for toilet use and access to institutional programs; (2) an Eighth Amendment conditions of confinement claim based on defendants' failure to implement cooling measures for excessive heat in the summer season; (3) a conditions of confinement claim based on the use of cage showers and the existence of mold in those showers; (4) limitations on yard access activities; (5) "prior appeal equal access, for [California Medical Facility] has not done program evaluations and receives federal funds for School/Yard"; (6) Sgt. Warren improperly denied plaintiff's lunch yard access; (7) a conditions of confinement claim based on the defendants' use of fans in the chow halls during the winter months to rush them out and also based on the chow hall workers' various hygiene violations; and (8) injunctive relief for a medical chrono limiting his exposure to the dayroom, which plaintiff contends is stressful for him.

Plaintiff seeks injunctive relief and damages.

## IV. Discussion

Plaintiff's assertion of a number of unrelated claims against 36 defendants violates Federal Rule of Civil Procedure 20(a)(2), which permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits ..." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Since plaintiff's claims do not appear to arise out of the same transaction or involve common questions of law or fact, the complaint will be dismissed with leave to amend.

If plaintiff elects to amend his complaint, plaintiff shall choose which claims he wishes to pursue in this action. If plaintiff does not do so and his amended complaint again sets forth

////

3

unrelated claims that violate joinder rules, the court may recommend dismissal of this action for failure to comply with court orders.

**V.    Conclusion**

Plaintiff's complaint contains unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2). The court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is again advised that, if he chooses to amend, he may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Fed. R. Civ. P. 20(a)(2). Plaintiff must file individual actions for unrelated claims against unrelated defendants.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R.

Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 7, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/wils2108.scrn