UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBERT W. FOX, et al.,<br><br>            Defendants. | No. 2:15-cv-2108 MCE DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. No other parties have appeared in this action.

Before the court is plaintiff's motion for a protective order. (ECF No. 19.) Though not entirely clear, it appears plaintiff seeks an order directing staff members at California Medical Facility ("CMF") in Vacaville, California to refrain from denying plaintiff equal access to programs, from failing to properly heat his cells, from opening his confidential mail, and from retaliating against him for filing of grievances.

**I.    Legal Standards**

The court construes plaintiff's motion for a protective order as a motion for a temporary restraining order. The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software,

Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).

A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

**II.     Discussion**

On June 8, 2017, the court screened plaintiff's complaint and dismissed it with leave to amend for violating the joinder requirement of Federal Rule of Civil Procedure 20. A first amended complaint has not yet been filed. Thus, at this stage of the proceedings, there is no

operative pleading. The court therefore cannot opine that plaintiff is likely to succeed on the merits of his claims.

Furthermore, no defendants have yet appeared in this action, and the court does not have jurisdiction to order injunctive relief which would require directing parties not before the court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Finally, plaintiff seeks protection from CMF staff members. Plaintiff has since been transferred to R.J. Donovan Correctional Facility in San Diego, California. See ECF No. 19. Absent facts to suggest that plaintiff will be transferred back to CMF, any requests for injunctive relief as to CMF staff members appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

**III.  Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that plaintiff's motion for a protective order (ECF No. 18) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: June 9, 2017

/DLB7;

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB/Inbox/Substantive/wils2108.tro