UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT W. FOX, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2108 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed for containing unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2). Plaintiff was granted leave to amend but advised that, if he chooses to amend, he may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Fed. R. Civ. P. 20(a)(2). Plaintiff's first amended complaint is now before the court for screening.

**I.　　Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at California Medical Facility ("CMF") in Vacaville, California. He names as defendants CMF Warden Robert Fox; the former CMF Warden Duffy; Associate Wardens and Chief Deputy Wardens at CMF Hurley, Thumser, Kaplin, and Cueva; Captain Codero; Correctional Officers Olson, Martinez, Barclay, Carpe, Richardson, Warren, Shaw, Thomas, Blueford, Jenkins, Tennant, Brown, and Walker; Supervising Cooks Garcia, McMasters, Dang, and Terrell; Psychologist Valassopous; and Psychiatrist Kaw.[1]

---

[1] Of the 26 named defendants, 16 were previously named in the original complaint, and 10 are newly named.

As with his original pleading, plaintiff's first amended complaint is long, rambling, and difficult to decipher. As best as the court can determine, plaintiff asserts a number of unrelated claims spanning a two-year period. Some of these claims include (1) a violation of his equal protection rights based on the interval between inmates' release from their cells for toilet use and access to institutional programs; (2) a conditions of confinement claim based on the use of cage showers and the existence of mold in those showers; (3) limitations on yard access activities; (4) retaliation for filing inmate grievances; (5) a conditions of confinement claim based on the defendants' use of fans in the chow halls during the winter months to rush them out; (6) sanitary and hygiene violations by chow hall workers; and (7) the dayroom causes "sensory deprivation" due to the loud sounds, yelling, and a constantly-playing television. Attached to plaintiff's first amended complaint are over 250 pages of exhibits.

Plaintiff seeks declaratory and injunctive relief and damages.

**IV.   Discussion**

Plaintiff has again asserted a number of unrelated claims against many defendants in violation of Federal Rule of Civil Procedure 20(a)(2), which permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits ..." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Since plaintiff's claims again do not appear to arise out of the same transaction or involve common questions of law or fact, the first amended complaint is subject to dismissal.

In addition, the court declines to draft plaintiff's pleading for him by perusing the 250-pages of attachments. Even if the factual elements of a cause of action are present but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Federal Rule of Civil Procedure 8(a) is proper. Sparling v.

3

Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); cf. Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct").

The court must now determine whether to allow plaintiff leave to further amend. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Here, plaintiff was previously informed that he may not assert unrelated claims against unrelated defendants, and that he must choose which claims to assert in this action so long as they

arise out of the same transaction or occurrence, and they involve common questions of law or fact. Rather than heed this warning, plaintiff has again brought a number of unrelated claims against unrelated parties. He has, in fact, added ten new defendants not previously identified. The continued assertion of unrelated claims and the addition of multiple defendants suggest that further amendment would be futile. Accordingly, the undersigned will recommend that leave to amend be denied.

**V.   Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated:  July 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/wils2108.scrn.1AC

5